UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SYLVIA GONZALEZ, <br> PLAINTIFF | § <br> § <br> § |
| VS. | §    CIVIL ACTION NO. _____ <br> § |
| ARANSAS PASS HOUSING AUTHORITY, <br> DEFENDANT | § <br> § <br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. JURISDICTION AND VENUE

1. This is a civil action against Defendant, Aransas Pass Housing Authority for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against national origin discrimination and retaliation. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of national origin discrimination and retaliation.

2. This is also a civil action under the Family Medical Leave Act pursuant to 29 U.S.C. §2601 et seq. for willful violation of Plaintiff's job restoration rights as a covered employee. More specifically, this action seeks damages, including liquidated damages, declaratory and injunctive relief, and all other appropriate relief to which Plaintiff is entitled to under the law.

3. This is also a pendent claim for breach of contract between the parties of this action to which Plaintiff seeks damages, including liquidated damages, and all other appropriate relief to which Plaintiff is entitled to under the law.

4. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000-16(C) (Supp.

1

1993), 28 U.S.C. §1402(b), 28 U.S.C. §1367 and 28 U.S.C. §1331 and venue is proper pursuant to 28 U.S.C. §1391(b) for act committed within this judicial district.

## II. PARTIES

5. Sylvia Gonzalez, (hereinafter Plaintiff), is an Hispanic former employee, was an individual employed by an employer as contemplated by Title VII of the 1964 Civil Rights Act, as amended. Plaintiff was a resident of Nueces County, Texas at the time of the incident. Plaintiff is a citizen of the United States and at all times relevant to this complaint was a resident of this division.

6. Defendant, Aransas Pass Housing Authority is a unit of government in the State of Texas as a public housing agency that assist eligible low-income families and others secure appropriate housing as provided under Local Government Code Subchapter C, Section 392.031 and is an employer as contemplated under Title VII of the 1964 Civil Rights Act, as amended and is also an employer as contemplated under 29 U.S.C. §2611 (4)(A)(iii) at all times relevant to the facts of this case. Pursuant to Rule 4(j)(2)(A) of the Federal Rules of Civil Procedure, service of process may be served upon Rudy Abrego, whose address is 254 13th Street, #128, Aransas Pass, Texas 78336.

## III. ADMINISTRATIVE PROCESS

7. On or about February 19, 2019, Plaintiff filed a written charge of discrimination on the basis of national origin discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC) through the Texas Workforce Commission Civil Rights Division.

8. Subsequently, EEOC sent a Dismissal and Notice of Rights dated March 5, 2019 to Plaintiff, which she subsequently received.

9.  Plaintiff has exhausted her administrative remedies with EEOC and has timely filed this action.

## IV. FACTS

10. On or about January 8, 2013, Plaintiff, Sylvia Gonzalez, a Hispanic American was hired by the Aransas Pass Housing Authority for the position of Executive Director. When initially hired as Executive Director for the Aransas Pass Housing Authority (hereinafter Housing Authority or Defendant), Plaintiff was paid an annual salary of $72,000.00 plus benefits.

11. The Housing Authority has five commissioners appointed by the City of Aransas Pass Mayor. It is a duly created Housing Authority as provided by the Texas Local Government Code as a public corporation as a unit of government.

12. During the time Plaintiff worked for the Housing Authority, she signed an Employment Agreement. The most recent Employment Agreement was executed on October 29, 2015 where it was signed by the Chairperson of the Board, Mary Ann Geer and Plaintiff. At a Housing Authority board meeting on October 29, 2015, the Board members met and voted to renew Plaintiff's employment contract with the Housing Authority. Earlier, on August 31, 2015, the Housing Authority passed, adopted and approved a resolution regarding Plaintiff's performance review and compensation, wherein the Board wrote that Plaintiff "has fulfilled the duties as the Executive Director. . ." and the Board voted to retroactively pay Plaintiff a "3% increase on her salary" for the time period from "January 8, 2015 to September 30, 2015".

13. Under Article 1 of Plaintiff's Employment Agreement, it is "for a term of thirty six months beginning on: 1/01/2016 and concluding on 01/01/2019". Pursuant to Article 8, Termination of the October 29, 2015 Employment Agreement, "8.02 Employee may terminate the agreement only upon giving written notice to the Employer ninety days before the intended

3

termination of the agreement". Moreover, in accordance with Article 8, "8.04 Any notice required or desired to be given pursuant to this Agreement shall be in writing and mailed by certified mail to the parties at the address referenced in the Agreement".

14. Plaintiff was well respected as an Executive Director of the Housing Authority. According to Genie L. McLelland, he wrote that when Plaintiff "was hired by the Aransas Pass Housing Authority in 2013, it was classified as a low/poor performing agency". And McLelland further noted that "in early 2015, the agency was well on its way to being a high performer".

15. During an on-site visit from the U.S. Department of Housing and Urban Development, San Antonio Field Office, Region VI on July 17, 2017, "to discuss historical performance, conduct a property walk-through, to have a brief discussion of your PHA's performance and internal operations", there was a discussion regarding "HUD's role in providing regulatory oversite to the APHA". A significant portion of the on-site discussion involved the Public Housing Assessment System (PHAS) Score Report.

16. In an October 5, 2017 written assessment of the Housing Authority by the HUD San Antonio Field Office review on July 17, 2017, David Pokler, Director, Office of Public Housing wrote that Plaintiff has "increased the Aransas Pass Housing Authority's overall program performance in the five years since being hired. Mr. Pokler also wrote that Plaintiff's "efforts have improved the PHAS designation from a Troubled Housing Authority to a High Performing Housing Authority".

17. Despite Plaintiff's outstanding performance as Executive Director for the Housing Authority, she did not always receive the full support of all Board Commissioners. In particular, Plaintiff noted the chairman's refusal to follow or adhere to regulations governing Housing Authority's programs. Even more, the chairman Mr. Lupe Torres undertook steps to harass

4

Plaintiff and accused Plaintiff of stealing money. As a result, on or about May 23, 2018, Plaintiff submitted medical documents in support of her application for medical leave under the Family Medical Leave Act, which was approved by the Housing Authority. Plaintiff's FMLA leave began on July 9, 2018. The Housing Authority did not withdraw or modify its FMLA eligibility notice to Plaintiff after its approval of her request for leave. Instead, Gary Allsup, President and Chief Executive Officer of the Housing Authority notified Plaintiff via an August 8, 2018 e-mail that Plaintiff's "application for FMLA is denied".

18. In a July 20, 2018, hand-delivered letter to the Housing Authority, Plaintiff wrote that her leave "will be for 8 hours each week day until my health improves". Also in her July 20, 2018 letter, Plaintiff wrote, "[i]f my health does not improve at the end of the FMLA, I intend to use my accumulated sick leave hours of approximately 170 hours". Thereafter Plaintiff wrote that if her "health has not improved, I intend to use the compensatory time of 90 hours".

19. Contrary to the terms of Plaintiff's Employment Agreement with the Housing Authority, her employment status was abruptly terminated when, on August 8, 2018, Plaintiff was informed her separation would be effective at the "end of the pay period ending July 27, 2018".

20. As part of its scheme to discriminate against Plaintiff on account of her national origin the Housing Authority sought to use Plaintiff's July 20, 2018 letter to terminate Plaintiff's employment, even though the July 20, 2018 letter was ineffective and without force, since it was not made "ninety days before the intended termination of the agreement" and not "mailed by certified mail to the parties at the address referred to in the agreement". To make matters worse, the Housing Authority treated Plaintiff differently on account of her national origin when the Housing Authority did not compensate Plaintiff for terminating her contract prematurely but compensated a former Anglo-American non-Hispanic Executive Director whose employment

agreement was terminated early by the Housing Authority.

## V. CONDITIONS PRECEDENT

21. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VI. FIRST CAUSE OF ACTION

22. Plaintiff repeats, realleges and incorporates herein as part of her First Cause of Action paragraphs 1 through 20 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

23. Plaintiff was a member of a protected class by reason of her nation origin;

24. Plaintiff suffered an adverse employment action;

25. Plaintiff was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees;

26. Plaintiff was treated differently than similarly-situated, non-protected employees.

## VII. SECOND CAUSE OF ACTION

27. Plaintiff repeats, realleges and incorporates herein as part of her Second Cause of Action paragraphs 1 through 20 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

28. Plaintiff was discharged;

29. Plaintiff had exercised an approved benefit based on a policy and practice established by defendant;

30. The approved benefit provided for job restoration for Plaintiff;

31. Defendant interfered with and denied Plaintiff's job restoration in violation of defendant's policy and practice and federal law; and

32. Plaintiff has been injured.

### VIII. THIRD CAUSE OF ACTION

33. Plaintiff repeats, realleges and incorporates herein as part of her Third Cause of Action paragraphs 1 through 20 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

34. Plaintiff was a covered employee who availed herself of a protected right under the FMLA;

35. Plaintiff was an adversely affected by an employment decision;

36. There is a causal connection between Plaintiff's protected activity and her employer's adverse employment action; and

37. Plaintiff suffered damages and lost wages on account of Defendant's action

### IX. FOURTH CAUSE OF ACTION

38. Plaintiff repeats, realleges and incorporates herein as part of her Fourth Cause of Action paragraphs 1 through 20 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

39. Defendant engaged in retaliation towards Plaintiff. The retaliation against Plaintiff can be shown in the following manner:

40. Plaintiff was an employee who engaged in protected activity or conduct involving a discriminatory practice as it related to conduct covered under the law or participating in any manner in an investigation or protestation of proscribed conduct.

41. The Defendant took an adverse employment action against Plaintiff.

42. There is a casual connection between the protected activity and the adverse employment action.

## X. FIFITH CAUSE OF ACTION

43. Plaintiff repeats, realleges and incorporates herein as part of her Fifth Cause of Action paragraphs 1 through 21 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

44. Plaintiff and defendant entered into a valid and enforceable contract.

45. Plaintiff performed his contractual obligations.

46. Defendant did not perform its contractual obligations.

47. Defendant breached the contract by not honoring its promises made to Plaintiff regarding their employment agreement.

48. Defendant's breach caused injury to Plaintiff, which included economic and consequential damages.

49. Plaintiff seeks liquidated damages.

## IX. JURY DEMAND

50. Plaintiff hereby demands and requests a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Plaintiff have:

1. Judgment entered for the Plaintiff against Defendant.

2. Award Plaintiff equitable relief including back pay and benefits pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3. Award Plaintiff front pay pursuant to Title VII of the Civil Rights Act of 1964, as amended.

4. Award Plaintiff damages for physical and mental pain and suffering, including compensatory damages in connection with those claims made herein pursuant to Title VII of the Civil Rights Act of 1964, as amended.

5.  Attorney's fees and costs as provided by 42 U.S.C. §2000e-5(k), 42 U.S.C. §12112(b)(1), and 42 U.S.C. §1988;

6.  Pre-judgment interest where permitted by law; and

7.  Award Plaintiff damages for wages or benefits denied or lost by reason of the violation, including interest and liquidated damages equal to the sum of the loss wages and benefits or actual monetary losses and interest pursuant to 29 U.S.C. § 2617 (a) (A)(i)-(iii).

8.  Award Plaintiff equitable relief including, but not limited to, reinstatement and front pay pursuant to 29 U.S.C. § 2617(a) (1) (B).

9.  Award Plaintiff liquidated damages as provided by law.

10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Charles C. Smith
Charles C. Smith
615 N. Upper Broadway, Suite 1710
Corpus Christi, Texas 78401
Telephone No.: (361) 883-1055
Facsimile No.: (361) 883-4041
Texas State Bar No.: 18550210
Federal Admission No.: 4312
E-Mail: ccsmithlaw@aol.com
ATTORNEY FOR PLAINTIFF